UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY L. JOHNSON, | No. 2:13-cv-0878 CKD P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Petitioner challenges his 1993 conviction in the Sacramento County Superior Court for attempted murder and other offenses, for which he was sentenced to a term of life in prison. (ECF No. 1.) The court has examined its records, and finds that petitioner challenged this same conviction in an earlier action, Johnson v. Sisto, No. 2:08-cv-0496 MCE KJM P (E.D. Cal.),

1

1 dismissed on April 29, 2010 as untimely under the Antiterrorism and Effective Death Penalty Act
2 of 1996 (AEDPA).[1]

3       A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147, 153 (2007). A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason. See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed as "mixed" petition containing exhausted and unexhausted claims where no claim in initial petition adjudicated on the merits). However, in McNabb v. Yates, 576 F.3d 1028,1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive. Because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is successive.

      Before filing a second or successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. See Burton, 549 U.S. at 152, 157. As petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition challenging his 1993 conviction, this action will be dismissed for lack of

---

[1] Petitioner improperly combines an attack on his 1993 state conviction with a challenge to his July 2011 parole hearing. Petitioner's parole-related claims must be brought in a separate habeas petition. See Orozco v. Clark, 705 F.Supp.2d 1158, 1169 n. 5 (C.D. Cal. 2010) ("To the extent Ground Two can be read as claiming his underlying plea was not knowingly and intelligently entered into, or that his trial counsel was ineffective in allowing him to plead no contest to second degree murder, such claims challenge his underlying conviction rather than the 2006 parole hearing, and must be brought in a separate habeas corpus petition.") (citations omitted); Williams v. Sisto, 2009 WL 3300038, *12 (E.D. Cal. Oct. 14, 2009) ("Petitioner may not properly challenge both the Board's decision to deny him parole as well as his underlying conviction in the same habeas corpus action."); Chavez v. Curry, 2007 WL 4462939, *2 (N.D. Cal. Dec. 17, 2007) ("Petitioner cannot include a claim ... going to the conviction[ ] in the same petition with claims going to the denial of parole.").

1  jurisdiction.

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.  Petitioner is granted leave to proceed in forma pauperis (ECF No. 5);

4      2.  The petition (ECF No. 1) is dismissed; and

5      3. The Clerk of Court shall close this action.

6  Dated: August 20, 2013

7      _____
    CAROLYN K. DELANEY
8      UNITED STATES MAGISTRATE JUDGE

9  2 / john0878.succ